[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Rachel M. Baird, Esq. Assistant State's Attorney, for the State.
 M. Fred Decaprio, Esq. John Watson, Esq. Public Defenders Office, For the Defendant.
Genevieve Ross, Court Reporter.
Before Honorable John P. Maloney, Judge.
 DECISION BY JUDGE MALONEY
THE COURT: In this case the State has filed an information charging the defendant with the crime of sexual assault in the first degree in violation of subsection (a)(2) of Section53a-70 of the General Statutes, and has also charged, in count CT Page 4123 two, that the defendant violated Section 53-21 of the General Statutes, risk of injury, impairing the morals of a child. The Court is prepared to render its verdict in this case. I have reviewed all of the exhibits that were introduced into evidence by the State and by the defendant. And I've carefully considered the testimony of all of the witnesses, including, especially, the testimony of the complainant, John, and also the testimony of the defendant, and also the testimony of Dr. Selig. note that the testimony of Dr. Selig was essentially supported by the report of Dr. Grayson, which was admitted into evidence.
Based on my review of the evidence and testimony, I make the following findings of fact:
On November 3, 1995, during the morning, the defendant engaged in sexual intercourse with her son, John. The sexual intercourse consisted of cunnilingus. In particular, I find that the victim placed his lips on the vulva, that is the external sexual organs, of the defendant at her request, and for the purpose of her sexual stimulation.
On the same day and at the same time, the defendant had other sexual contact with John, including his touching her vulva and touching her breasts with his hand, at her request and for the purpose of her sexual stimulation.
These sexual assaults occurred at the house where the defendant and the victim lived, 165 Robertson Street in Bristol. The defendant and the victim were alone in his bedroom at the time, and she was naked. On that date, November 3, 1995, the victim, John, was six years old and the defendant was more than two years older than he.
The foregoing findings of fact persuade me beyond a reasonable doubt that the defendant committed the crimes of sexual assault in the first degree in violation of General Statutes 53a-70, subsection (a)(2) and General Statutes 53-21, subsection 2.
At the time the defendant committed the crimes specified, she was suffering from a severe chronic mental illness, specifically, she had a schizophrenic affective disorder. This illness caused severe distortion of reality in her thinking and caused profound disturbances in her emotions and behavior. Her CT Page 4124 illness had been exacerbated by a traumatic incident several years previous when she was raped and assaulted. At that time, she received a serious head injury and the loss of one eye. This incident very likely caused further emotional damage and physical injury to her brain.
In 1995, at the time of the sexual assaults on her son, as a result of her mental illness, the defendant was profoundly psychotic and delusional. She was unable to make any rational judgments; was unable to control her behavior; and in essence, was completely controlled by her mental illness.
Based on the forgoing findings, I further find by a preponderance of the evidence, that at the time she committed the sexual assaults and other acts on November 3, 1995, the defendant lacked substantial capacity as a result of her mental illness to appreciate the wrongfulness of her conduct and to control her conduct within the requirements of the law.
Based on the findings and facts set forth above and in accordance with General Statute Section 53a-13 and Practice Book Section 42-34, I find the defendant not guilty of both counts one and two of the information by reason of mental disease and defect. Pursuant to Section 17a-582 of the General Statutes, I hereby commit the defendant to the custody of the commissioner of mental health and addictive services for an examination as to her mental condition.
The case is continued for 60 days to February 19, 1998 or sooner, if and when ordered by the Court.
Okay. We are adjourned.
HONORABLE JOHN P. MALONEY, JUDGE